STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**March 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **J.H.**

**No. 20-0642** (Harrison County 19-JA-164-1)


**MEMORANDUM DECISION**


Petitioner E.C., the child's custodian, by counsel Dean Morgan, appeals the Circuit Court of Harrison County's July 17, 2020, order terminating his custodial rights to J.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Jenna L. Robey, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him of abuse and/or neglect, denying him a post-adjudicatory improvement period, and terminating his custodial rights upon finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The petition below was filed after the child's mother gave birth to another child, R.W., who is not at issue in this appeal. According to the petition, child R.W. was born drug-exposed. As to J.H., the petition alleged that the mother granted custody of the child to petitioner and his wife. Finally, as it pertains to this appeal, the DHHR alleged that petitioner was a registered sex offender.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

In March of 2020, the circuit court held an adjudicatory hearing, during which the DHHR introduced records establishing that petitioner's wife had previously obtained temporary legal guardianship over the child, including the audio recording of the hearing at which the guardianship was granted. The DHHR also introduced exhibits related to petitioner's prior criminal conviction that resulted in his being required to register as a sex offender, including a copy of the indictment charging him with three counts of sexual abuse by a parent, guardian, or custodian and one count of first-degree sexual abuse; a copy of his conviction order memorializing his guilty plea and conviction of one count of sexual abuse by a parent, guardian or custodian; and a copy of the resulting sentencing order. Based upon the evidence, the circuit court gave a detailed recitation of the history of the child's placement in petitioner's home. According to the court, the DHHR first investigated the child's placement in petitioner's home in 2013, shortly after his birth. At that time, the child's mother was simply seeking a temporary placement for the child while she obtained her own housing, and petitioner's wife assured the DHHR that petitioner would not be caring for the child. Further, petitioner stated that he had no intention of being a caretaker of the child and was rarely in the home as a result of his work schedule. Importantly, all parties to the 2013 investigation agreed that petitioner would never be left unsupervised with the child and that the child would be returned to the mother shortly. As such, the DHHR did not substantiate any abuse or neglect as a result of the 2013 investigation. However, after the investigation, the mother filed a petition for appointment of a guardian in the Circuit Court of Randolph County seeking to appoint petitioner's wife as the child's legal guardian. According to the adjudicatory order, the Circuit Court of Randolph County granted petitioner's wife legal guardianship over the child "without questioning [petitioner's wife] as to the mandatory screening factors outlined in Rule 10 of the West Virginia Rules for Minor Guardianship Proceedings." Because of this failure, the court in the guardianship proceeding was unaware that petitioner is required to register as a sex offender for life. Further, the DHHR alleged that petitioner's wife made misrepresentations in order to obtain this guardianship.

The court then focused on evidence related to petitioner's recent interactions with the child, finding that the child disclosed taking naps with petitioner and playing alone with him. Further, petitioner's wife told a CPS worker that she was not sure if petitioner committed the sexual crimes against their daughter, despite his conviction, prompting the circuit court to note that it was extremely troubled by petitioner's wife's failure to acknowledge the sexual abuse that occurred in her home. According to the circuit court, it had grave concerns that petitioner's wife would be unable to protect the child from petitioner. The circuit court also made findings about the conditions in the home, noting that an overwhelming stench of urine permeated the home when CPS visited, prompting petitioner's wife to instruct the CPS worker to hold her nose upon entering. According to the worker, the flooring in the home was exposed, dog urine was soaked into the floor, dog feces covered the floor, and items were stacked to the ceiling, some of which were leaning in a way that appeared they could collapse. According to the court, these conditions posed a safety risk to the child. In fact, the CPS worker indicated that petitioner's wife acknowledged that the home was not safe for the child. Based on this evidence, the court found that petitioner and his wife neglected the child due to the conditions in the home. The court further found that petitioner's status as a registered sex offender threatened the child's safety.

In June of 2020, the circuit court held a dispositional hearing, during which the DHHR sought to terminate petitioner's custodial rights based upon his history of sexual abuse of his

2

own child. During the hearing, petitioner admitted to being unsupervised with the child and further testified that the child "had personal and private needs," although the court found that petitioner did not elaborate on what these needs were. Petitioner further failed to take responsibility for his sexual abuse of his daughter, despite his conviction, instead blaming her for his conduct by calling his daughter "hideous" and claiming that she needed counseling. The court then denied petitioner's request for an improvement period, finding that it would not be in the child's best interests. The court further found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the home and that termination of his custodial rights was necessary for the child's welfare. Accordingly, the court terminated petitioner's custodial rights to the child.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner first alleges that the circuit court erred in adjudicating him below. In support, petitioner simply states, without any citation to the record in support, that the DHHR failed to prove that he neglected the child because "there was no evidence that [his] failure or inability to provide for [the child] was anything other than his status as a registered sex offender." He further argues that the DHHR did not present evidence that his household was in such a deplorable state that it would lead to the physical and mental anguish of the child. These two sentences constitute the substance of petitioner's argument in support of this assignment of error. We find that petitioner is entitled to no relief.

Pursuant to West Virginia Code § 49-1-201, a "neglected child" is one

---

[2]Petitioner's wife's guardianship rights were also terminated below, as were the parental rights of the child's father. The child's mother voluntarily relinquished her parental rights. The permanency plan for the child is adoption in the current foster home.

[w]hose physical or mental health is harmed *or threatened by* a present refusal, failure or inability of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care, or education, when that refusal, failure, or inability is not due primarily to a lack of financial means on the part of the parent, guardian, or custodian.

(Emphasis added). Here, the evidence shows that petitioner was previously convicted of sexual abuse by a parent, guardian, or custodian because of his sexual abuse of his daughter, which resulted in his inability to provide proper supervision for J.H. This constitutes a threat to the child's physical and mental health. Further, the evidence established that the home was in a condition that endangered the child, including stacks of material from floor to ceiling that could have collapsed onto the child. Based on this evidence, it is abundantly clear that J.H. was a neglected child, and, therefore, petitioner was an abusing parent. W. Va. Code § 49-1-201 (defining "abusing parent" as "a parent . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect").

We have previously held as follows:

At the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. . . . The findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence.

*In re F.S.*, 233 W. Va. 538, 544, 759 S.E.2d 769, 775 (2014). This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Id.* at 546, 759 S.E.2d at 777 (citation omitted). However, "the clear and convincing standard is 'intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'" *Id.* at 546, 759 S.E.2d at 777 (citation omitted). Petitioner's arguments on this issue before this Court are entirely devoid of any factual support and clearly ignore the overwhelming evidence introduced in support of his adjudication. Based on the extensive evidence presented, it is clear that the DHHR satisfied the applicable burden of proof in regard to petitioner, and we find that he is entitled to no relief on appeal.

Next, petitioner argues that the circuit court erred in denying his motion for an improvement period and terminating his custodial rights because he asserts that he corrected the conditions that necessitated the petition's filing. Specifically, petitioner alleges, again without any citation to the record or corroborating evidence, that the issue with providing a stable and appropriate living environment was substantially corrected without any assistance from the DHHR. However, petitioner fails to allege how he ameliorated the threat to the child posed by his status as a convicted sex offender, especially given his failure to accept responsibility for his past abuse of his daughter. As the circuit court found, petitioner not only failed to accept responsibility for his actions, but, instead, blamed his daughter for the abuse he perpetrated upon her. In short, petitioner wholly failed to acknowledge his abusive conduct, which results in making the problem untreatable. As this Court has held,

4

[f]ailure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). As such, petitioner's refusal to accept responsibility for his actions not only precluded him from obtaining an improvement period, but it also required the circuit court to proceed to disposition in the interest of the child's wellbeing. Indeed, we have routinely held that "[t]he circuit court has the discretion to refuse to grant an improvement period when no improvement is likely." *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002).

Petitioner's refusal to accept responsibility for his abuse also supports the circuit court's termination of his custodial rights. As the circuit court found, petitioner's conduct resulted in there being no reasonable likelihood that he could substantially correct the conditions of neglect in the near future and made termination necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate custodial rights upon these findings. Further, this Court has held that termination of rights

"may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find that petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 17, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: March 16, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton